IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Alan J. Chuang,<br>　　　PLAINTIFF,<br>　　v.<br>Derrick Laster, Nate Otte, Jack Lee, Valerie Sturdivant,<br>　　　DEFENDANTS,<br><br>United States of America,<br>　　　MOVANT. | Case No. 3:16-4031-TLW<br><br><br><br>**Order** |

Plaintiff Alan J. Chuang, proceeding *pro se,* filed this action in the Richland County Court of Common Pleas alleging slander and libel against the Defendants, who are drill sergeants with whom the Plaintiff had contact at Fort Jackson. ECF No. 1-2. It was removed to this Court pursuant to 28 U.S.C. § 1442. ECF No. 1. The matter now comes before the Court for review of a Report and Recommendation (R&R) filed on March 28, 2017, by Magistrate Judge Gossett, to whom this case was assigned pursuant to the provisions of 28 U.S.C. § 636(b)(l)(B) and Local Civil Rule 73.02(B)(2), DSC. ECF No. 19. In the R&R, the magistrate judge recommends that Defendants' motion to dismiss be granted and that Plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted because it does not state any cognizable legal claim. *Id.* Plaintiff filed objections to the R&R on May 3, 2017. ECF No. 22. This matter is now ripe for decision.

In reviewing the R&R, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo

1

or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the R&R and the objections. As the magistrate judge stated, the complaint fails to state a claim on its face under either *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), or the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2761–2680. In his objections to the R&R, Plaintiff asserts that he filed a Standard Form 95, an administrative claim form. ECF No. 22. As noted by the magistrate judge, failure to exhaust administrative remedies is a jurisdictional defect. *See Plyler v. US.*, 900 F.2d 41, 42 (1990). The jurisdictional defect is not cured by Plaintiff's filing of the administrative claim form because there is still no indication that Plaintiff received a final agency ruling denying his claim as required by 28 U.S.C. § 2675. Accordingly, the Court lacks jurisdiction over Plaintiff's claim, and Plaintiff's objections are **OVERRULED**.

After careful review of the R&R and the objections, for the reasons stated by the magistrate judge and the reasons set forth in this opinion, the R&R is **ACCEPTED**, and the Defendants' motion to dismiss is hereby **GRANTED**.

**IT IS SO ORDERED**.

                                                    s/Terry L. Wooten
                                                    Terry L. Wooten

July 5, 2017                                   Chief United States District Judge
Columbia, South Carolina